Linda L. **NEWNAM**, Plaintiff below,
Appellant,

v.

**BOARD OF EDUCATION OF the MOUNT
PLEASANT SCHOOL DISTRICT,**
Defendant below, Appellee.

Supreme Court of Delaware.

Submitted April 18, 1975.

Decided Dec. 29, 1975.

Sheldon N. Sandler, of Bader, Dorsey & Kreshtool, Wilmington, for plaintiff below, appellant.

F. Alton Tybout, of Tybout & Redfearn, P.A., Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

In this action by a non-tenured teacher (plaintiff) to compel performance by the Board of Education of the Mount Pleasant School District (defendant) of the final step in a grievance procedure under a collective bargaining agreement, the Court of Chancery granted defendant's motion for summary judgment. 325 A.2d 387 (1974). Reference is made to the Chancery Opinion for a complete statement of the facts. This appeal followed.

Plaintiff had been given appropriate notice by the Board that she would not be tenured and that her teaching contract would not be renewed. She concedes that there is no duty on defendant to rehire her, but she invoked the grievance procedure in hope of getting a favorable recommendation from an Advisory Committee that would counteract unfavorable evaluation of her professional performance.[1] Plaintiff's primary attack is upon the Chancery Court's construction of 14 Del.C. ch. 14, to wit:

". . . The General Assembly has indicated by Chapter 14 . . . that the reason for not renewing a nontenured teacher is something that a school board does not have to discuss or justify, . . it is not a proper subject for collective bargaining or discussion between a school board and an employee bargaining representative. Rather, it is an area where the General Assembly intended the discretion of the school board to remain free from contractual committment."

After analyzing the Statute, the Court thus concluded that the mere making of such a contract (to submit for review the reasons for dropping a nontenured teacher) was beyond the power of the Board. We think, however, that the case calls for a narrower approach which begins with the present state of the parties and other pertinent facts.

■ In our view, the Trial Court must first consider whether the controversy between the parties has been mooted by time and change of circumstance. The evaluation report which generated the lawsuit was made in March 1973 and, since the object of the action is to secure from an Advisory Committee a "report [of] recom-

mendations for settlement within fifteen days," the controversy may no longer be viable. While it may be said that the question posed is important in the administration of the Professional Negotiations and Relations Act, 14 Del.C. § 4001 et seq., we are not persuaded that the public interest therein is so great that the Court should decide the issue if it is moot between the parties.

■ If the Trial Court finds that the issue is not moot, it must then consider whether the claim here made is a "grievance" within the meaning of the contract. Under the bargaining agreement "grievance" is defined as,

". . . a claim by an employee . . . that the established policy of the Mount Pleasant Board of Education or the Mount Pleasant School District has been ignored, overlooked, misinterpreted, or misapplied, or that the right to fair treatment has been violated."

Applied to the present dispute, we find that the word "grievance" is ambiguous and so a hearing is necessary to determine its meaning. *Fidance v. Giordano*, Del. Supr., 237 A.2d 393 (1967). If the Court finds that there was no intent to include in the grievance procedure the kind of controversy here involved, that will end the matter. On the other hand, if the Court finds such an intent, then it must consider what relief is to be accorded plaintiff.

■ We turn now to the Trial Court's ruling on the power of the Board to agree to bargain with respect to renewal of a nontenured teacher's contract. Beyond doubt, as the Court ruled, there is no statutory duty upon the Board to justify or even discuss a decision against renewal.[2] The legal duty on the Board is limited to

1. The final level of the procedure provides that an aggrieved person, after proceeding through three prior levels, may request that the grievance be referred to an Advisory Committee consisting of a member named by the School Board, another by the bargaining agent and a third member named by the other two.

The function of the Committee is to report "recommendations" for settlement of the dispute.

2. The Board is also prohibited from agreeing to binding arbitration. 14 Del.C. § 4008(c).

bargaining about "salaries, employee benefits, and working conditions," 14 Del.C. § 4006(a), all of which are defined in § 4001. It does not necessarily follow from these provisions alone that there is a legal prohibition upon the Board to refrain from granting such rights by contract to a nontenured teacher. But an examination of that narrow question requires a consideration of the provisions of 14 Del.C. § 4006 (b), which states:

"Nothing in this chapter shall be construed as to prohibit the Board of Education and the exclusive negotiating representative from mutually agreeing upon other matters for discussion, except as prohibited in section 4011(c) of this title."

It seems to us that analysis of this Section is critical in determining what the Board may do in going beyond its legal duty to bargain about salaries, employee benefits and working conditions, all of which are covered specifically in §§ 4006, 4008 and 4010, respectively. We note that § 4006(b) authorizes the Board "to discuss" what are described as "other matters" but the statute is silent as to its power to contract about them.[3] If the Trial Court reaches this issue, it will be, of course, resolved on the basis of the facts found in this case.

In remanding, we emphasize that nothing said herein is intended to indicate that nontenured teachers may receive through a collective bargaining agreement that which they may not secure under the statute dealing with the rights of tenured teachers. Cf. 14 Del.C. § 1403.

Reversed and remanded.

---

3. We note that the United States District Court has recently held that "Section 4006 (b) seems clearly to *permit* the negotiators to bargain on other subjects during contract talks so long as the ultimate agreement is not inconsistent with other Delaware statutes." *Morris v. Board of Education of the Laurel School District*, D.Del., 401 F.Supp. 188 (1975). (Emphasis as in the original text.)